**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN  DIVISION**

DARYL JEROME HILL                                                                        PLAINTIFF

V.                                              NO: 4:13CV00339 SWW

PATRICK BENCA *et al*.                                                              DEFENDANTS

<u>**ORDER**</u>

Plaintiff, currently held at the Independence County Detention Facility, filed a *pro se* complaint (docket entry #2), and an amended complaint (docket entry #5), pursuant to 42 U.S.C. § 1983, alleging that Defendants Patrick Benca, Kara Benca, and George Morledge IV, who were his criminal defense attorneys, have not represented him effectively, which ultimately led to him pleading guilty in a June 5, 2013, proceeding.

## I.  Screening

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A.  Fed.R.Civ.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the

speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).  A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable.  *Twombly* at 570.  However, a *pro se* plaintiff's allegations must be construed liberally.  *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

## II.  Analysis

To state a cognizable claim for relief under 42 U.S.C. § 1983, Plaintiff must allege that the conduct of a defendant acting "under color of state law" deprived him of a right, privilege, or immunity secured by the federal Constitution or laws of the United States. 42 U.S.C. § 1983; *Hamilton v. Schriro*, 74 F.3d 1545, 1549 (8th Cir. 1996).  An attorney, even an appointed public defender, does not act under color of state law when performing the traditional functions of a defense counsel.  *See Polk County v. Dodson*, 454 U.S. 312, 320 (1981) ("It is the function of the public defender to enter 'not guilty' pleas, move to suppress State's evidence, object to evidence at trial, cross-examine State's witnesses, and make closing arguments in behalf of defendants.  All of these are adversarial functions").  Plaintiff's complaints about Defendants concern discussions Plaintiff and Patrick Benca had in the context of plea negotiations with a prosecuting attorney.  A lawyer would traditionally perform such functions as an advocate for a client in a criminal defense action.  Accordingly, Plaintiff's attorneys were not state actors, and Plaintiff's complaint must be dismissed.

## III.  Conclusion

IT IS THEREFORE ORDERED THAT:

1.      Plaintiff's complaint is DISMISSED WITH PREJUDICE for failure to state a claim

upon which relief may be granted.

2.      This dismissal counts as a "strike" for purposes of 28 U.S.C. § 1915(g).

3.      The Court certifies that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this 19th day of June, 2013.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE